**METS SCHIRO & MCGOVERN, LLP**
838 Green Street, Suite 102
Iselin, New Jersey 08830
Tel. (732) 636-0040
Fax (732) 636-5705
Email: nmilewski@msmlaborlaw.com
*Attorneys to Plaintiffs, Teamsters Local 97 Benefits Fund and the Trustees of the Fund*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TEAMSTERS LOCAL 97 BENEFITS FUND AND JOHN J. GEROW, MARIA PEREZ, AND DANIEL REIMAN as TRUSTEES OF THE FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**Hackensack Meridian Health Prospect Heights Care Center,**<br><br>Defendant. | DOCKET NO.: *PENDING*<br><br>CIVIL ACTION |

**COMPLAINT**

Plaintiffs, Teamsters Local 97 Benefits Fund, John J. Gerow, Maria Perez, and Daniel Reiman as Trustees of the Fund, by their attorneys, complain of the Defendant, Hackensack Meridian Health Prospect Heights Care Center as follows:

**THE PARTIES**

1. Plaintiff Teamsters Local 97 Benefits Fund (hereinafter, "the Fund") is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1). The Fund's primary place of business is 485 Chestnut Street, Township of Union, County of Union, State of New Jersey 07083.

1

2. Plaintiffs John J. Gerow, Maria, Perez, and Daniel Reiman (hereinafter, "the Trustees") comprise the Board of Trustees who are the named fiduciaries of the Fund within the meaning of 29 U.S.C. § 1102(a). The Trustees administer the Fund at 485 Chestnut Street, Township of Union, County of Union, State of New Jersey 07083.

3. Defendant Hackensack Meridian Health Prospect Heights Care Center (hereinafter, "Prospect Heights") is an employer engaged in an industry affecting commerce. Prospect Heights' primary place of business is 336 Prospect Avenue, Hackensack, NJ 07601.

## JURISDICTION AND VENUE

4. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter, "ERISA"), 29 U.S.C. § 1132.

5. Jurisdiction is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1131 because 29 U.S.C. § 1132(e) vests the district courts of the United States with exclusive jurisdiction with civil actions arising under ERISA.

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Prospect Heights resides in the State of New Jersey and a substantial part of the events and omissions giving rise to this

claim occurred in the State of New Jersey.

### POWERS AND AUTHORITY OF THE TRUSTEES

7. The Fund is governed by the Restated, Supplemented and Amended Agreement and Declaration of Trust of the Teamsters Local 97 Benefits Fund (hereinafter, "the Trust Agreement").

8. Article III, Section 1(b)(ii) empowers the Trustees to collect employer contributions and any other monies and property to which the Fund may be entitled.

9. Article VI, Section 4(b) of the Trust Agreement establishes that the Trustees may undertake an audit of any employer in connection with payments required under a collective bargaining agreement.

10. Article VI, Section 4(c) of the Trust Agreement establishes that employers must provide books and records for an audit within fifteen (15) days after written demand and that failure to comply with an audit demand empowers the Fund to seek all remedies available, including, but not limited to, all employer contributions found due and owing by an audit, ten percent (10%) interest, recovery of audit fees, attorneys' fees, and Court costs.

### OBLIGATIONS OF PROSPECT HEIGHTS

11. Prospect Heights and International Brotherhood of Teamsters, Local Union No. 97 (hereinafter, "the Union") are parties to a collective bargaining agreement (hereinafter, "CBA").

12. Article 11, Section 1 of the CBA obligates Prospect

Heights to make contributions to the Fund to provide health insurance coverage to all employees working within the Union bargaining unit.

13. Article 11, Section 4 of the CBA obligates Prospect Heights to "make available to the Fund, such pertinent records of employees that the Fund may reasonably request, to soundly and efficiently operate the Fund."

## THE FUND'S AUDIT DEMANDS

14. Article III, Section 1(b)(i) empowers the Trustees to retain professional accounting services for the purpose of proper administration of the Fund.

15. Pursuant to this provision of the Trust Agreement, the Fund retained the accounting services of Ennis Hargadon, LLC (hereinafter, "the Auditor").

16. On September 7, 2011, the Auditor contacted Prospect Heights via written correspondence to schedule a payroll audit to begin on September 12, 2011 for the audit period of January 1, 2009 through December 31, 2010. This letter provided Prospect Heights with a list of specific documents and materials that were necessary to complete a payroll audit.

17. Prospect Heights, however, failed to provide the documents and materials requested by the Auditor and failed to grant access for an audit.

18. As of December 5, 2016, the Auditor had not received the

4

materials and documents to conduct a payroll audit that were requested in its September 7, 2011 correspondence.

19. Based on this lack of response, a second request for the same specific documents and materials was made to Prospect Heights on December 5, 2016, this time for an audit to cover the time period from January 1, 2009 through December 31, 2016.

20. The December 5, 2016 letter demanded that Prospect Heights respond to the Fund's request no later than December 19, 2016.

21. Again, Prospect Heights failed to respond to the Fund's request and failed to provide the documents and materials demanded by the Fund.

22. Based on Prospect Heights' lack of response, Fund Counsel issued a written demand for compliance with the Auditor's documents and materials requests via letter dated June 2, 2021, and a follow-up email on June 3, 2021, seeking to conduct an audit for the period from January 1, 2009 through December 31, 2020.

23. Prospect Heights had not responded to the Fund's multiple requests for access to conduct an audit, and Fund Counsel sent one final email message dated August 31, 2021. Prospect Heights yet again failed to respond.

24. As of the date of this Complaint, Prospect Heights has not provided the Auditor, the Fund, or Fund Counsel with the documents and materials requested to conduct a payroll audit.

**COUNT ONE**

25. The Fund and the Trustees incorporate the facts as set forth in the Paragraph 1 through 27 above as if set forth fully herein.

26. Prospect Heights breached the terms of the CBA and is in violation of the Trust Agreement because it has continually failed and refused the Fund, acting through the Auditor, to complete a payroll audit.

27. The Fund and the Trustees have engaged the Auditor and the undersign attorneys to compel an audit of Regent's payroll records.

28. Prospect Heights is obligated to pay the attorney and auditor fees and court costs incurred by the Fund and the Trustees pursuantto the Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

29. Pursuant to the Trust Agreement and 29 U.S.C. § 1132(g), Prospect Heights is obligated to pay any benefit contributions shown to be due upon the Auditor's completion of the audit, as well as any liquidated damages and interest assessed on the principal balance of same.

30. Pursuant to 29 U.S.C. § 1132(g)(2), the Fund is entitled to an amount, in addition to the principal delinquent contributions found due and owing, which is equal to or greater than:

    (a) double interest; or,
    (b) interest plus liquidated damages.

**WHEREFORE,** the Fund and the Trustees seek relief from this

honorable Court as follows:

 A. That Prospect Heights be required to immediately provide access to any and all documents and materials sought by the Auditor to complete a payroll audit for the audit period of January 1, 2009 through December 31, 2020;

 B. That Prospect Heights be ordered to pay all welfare benefitcontributions found due and owing to the Fund by the Auditor within ten (10) days of completion of the payrollaudit;

 C. That Prospect Heights be ordered to pay the audit fees, Court costs, and attorneys' fees incurred by the Fund and the Trustees in bringing this action to compel compliance with a payroll audit demand;

 D. That Prospect Heights be ordered to pay liquidated damages and interest on all monies found due and owing to the Fund by the Auditor;

 E. That the Fund and the Trustees be granted any and all other relief as this Court deems, just, equitable and appropriate.

    Respectfully submitted,

    **METS SCHIRO & MCGOVERN, LLP**
    838 Green Street, Suite 102
    Iselin, New Jersey 08830
    Tel. (732) 636-0040
    Fax (732) 636-5705
    E-Mail: nmilewski@msmlaborlaw.com
    Attorneys for Plaintiffs, Teamsters Local 97 Benefits Fund and the Trustees of the Fund

    By: ***/s/ Nicholas P. Milewski, Esq.***
      NICHOLAS P. MILEWSKI, ESQ.

Dated: August 23, 2022